UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


| | |
|---|---|
| KATINA B. HEBERT | CIVIL ACTION |
| VERSUS | 17-641-SDD-RLB |
| ASCENSION PARISH SCHOOL BOARD | |

### RULING

Before the Court is Plaintiff Katina Hebert's *Motion in Limine to Allow the Introduction of Material Evidence.*[1] Defendant, the Ascension Parish School Board, filed an *Opposition.*[2] Plaintiff then filed a *Reply*,[3] to which Defendant filed a *Surreply.*[4]

This is a prophylactic *Motion* which seeks a declaration that certain discovery materials produced by the Plaintiff after the discovery cutoff not be excluded under Rule 37 of the Federal Rules of Civil Procedure (FRCP). The salient facts are as follows.

The discovery cutoff was August 31, 2018. Plaintiff produced documents responsive to discovery on September 3, 2018, approximately one (1) week after the discovery cutoff. Trial is scheduled to begin August 19, 2019. Plaintiff asserts that at a discovery hearing held before the Magistrate, "the Defendant, Ascension Parish School Board ("APSB") expressed their intention to object to the Plaintiff's use of these documents at trial on the basis that they were produced seven (7) and eight (8) days after

---

[1] Rec. Doc. No. 55.
[2] Rec. Doc. No. 66.
[3] Rec. Doc. No. 81.
[4] Rec. Doc. No. 87.

1

the discovery cutoff."[5] The instant *Motion* ensued. In opposition, Defendant argues that the documents[6] should be excluded at trial pursuant to FRCP Rule 37.

The Court finds that the Rule 37 discovery sanction of exclusion is unwarranted in this case. Federal Rule of Civil Procedure 37 provides, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The failure to produce the documents may have been negligent and thus not "substantially justified," but given the timing, it was harmless. Albeit untimely, the subject documents were produced 11 months before trial. At the time the documents were produced, there was ample time and opportunity for the Defendant to seek leave to extend the discovery deadline in order to meet any challenges presented by the documents.

The Plaintiff's *Motion* is GRANTED in part and DENIED in part. The *Motion* is GRANTED insofar as the Court will not exclude the late produced documents[7] under Rule 37 of the Federal Rules of Civil Procedure. However, the Plaintiff's *Motion* that the Court declare the subject documents admissible at trial is DENIED. All objections to relevance and admissibility of the subject documents are deferred. The Parties are specifically directed to this Court's *Notice Setting Trial and Related Deadlines* (Rec. Doc. 11). The Parties are cautioned that "the relevance/prejudice inquiry is best addressed in response

---

[5] Rec. Doc. 55-1, p. 2.
[6] Medical records from the Asthma, Allergy and Immunology Center (Dr. Vimla Menon) (MED00001-185); Medical records from Baton Rouge Clinic Dermatology (Dr. Jeffrey Frederic) (MED00200-311); Medical records from Dr. Alan M. Dattner (MED00603-694);Medical records from Dr. Allan Warshowsky (MED00746-821); Medical records from the Neuromedical Center (Dr. Charles Eberly) (MED01042-1296); Color photos of rashes from Baton Rouge Clinic Dermatology (MED01332-1340); and other documents bearing Bates numbers PLF00004-36; PLF00049-81; PLF00100-103; and PLF00106-129.
[7] *Id.*

to trial objections. Counsel is advised that Motions in Limine challenging relevance or asserting undue prejudice should be filed only if warranted by extraordinary circumstances."[8]

Signed in Baton Rouge, Louisiana on April 15, 2019.

*Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[8] *Notice Setting Trial and Related Deadlines* (Rec. Doc. 11).