**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

KATINA B. HEBERT                                                  CIVIL ACTION

VERSUS                                                                            17-641-SDD-RLB

ASCENSION PARISH
SCHOOL BOARD

## RULING

Before the Court is Defendant's, Ascension Parish School Board ("APSB"), *Motion in Limine to Strike Dr. Warshowsky*.[1] The Plaintiff, Katina Hebert, has filed an *Opposition*[2]. The Court has considered the Motion and Opposition, the evidence submitted, and the applicable law and, for the reasons which follow, the Motion shall be GRANTED.

The Court discussed the facts and the procedural posture in prior *Rulings*[3] and they will not be reiterated herein. As it relates to the subject Motion, Plaintiff originally identified as an expert witness, *inter alia*, Dr. Vimla Menon, M.D.[4] Upon learning that Dr. Menon was not available, Plaintiff moved for leave to amend her expert witness list to include Dr. Allen B. Warshowsky.[5] The Plaintiff represented that Dr. Warshowsky was a treating physician for purposes of Rule 26(a)(2)(C), as opposed to a retained "expert" for purposes of Rule 26(a)(2)(B).[6] Plaintiff represented that "Dr. Warshowsky's testimony

---

[1] Rec. Doc. 71.
[2] Rec. Doc. 107.
[3] Rec. Docs. 111 and 114.
[4] Rec. Doc. 39-1.
[5] Rec. Doc. 39, ¶s 6-7.
[6] *Id.*

will not go beyond opinions that he formed during his treatment of Mrs. Hebert."[7] The Court granted the Plaintiff's motion to substitute her medical expert finding "good cause to allow Plaintiff to disclose Dr. Warshowsky as an expert pursuant to Rule 26(a)(2)(C) for the limited purpose of providing any expert opinions formed during his treatment of Plaintiff" and further finding that "any prejudice to Defendant is minimal as Dr. Warshowsky was listed as a treating physician on Plaintiff's initial disclosures."[8]

Despite the fact that the Plaintiff represented that Dr. Warshowsky would testify as a treating physician under FRCP 26(a)(2)(C), and the Court's explicit ruling that Dr. Warshowsky would be limited to "providing any expert opinions formed during his treatment of Plaintiff"[9], the Plaintiff provided an expert report of Dr. Warshowsky.[10] APSB contends that Warshowsky's "report was not based on facts, nor did it contain opinions limited to or 'formed during his treatment of Plaintiff'."[11] APSB argues that Warshowsky's "trial deposition testimony was based almost entirely on the "report" admittedly prepared after suit was filed and after Dr. Warshowsky's treatment of plaintiff, by the attorneys for Hebert! APSB asserts that the trial testimony goes beyond the scope of the permitted testimony and is improper. Accordingly, APSB seeks to strike the "report" entirely and to limit the witness' testimony to the medical treatment as outlined in the discovery deposition."[12]

Opinion testimony by Dr. Warshowsky shall be excluded at trial for the following reasons. Dr. Warshowsky is an OB/GYN who practices as an "integrative holistic

---

[7] Rec. Doc. 47, p. 6.
[8] Rec. Doc. 51, pp. 3-4.
[9] Rec. Doc. 51.
[10] Rec. Doc. 73-4.
[11] Rec. Doc. 71-2.
[12] *Id.*

medicine doctor". Dr Warshowsky lacks the education, training, and experience to provide opinion testimony regarding the toxicity and exposure and alleged disability related thereto. Dr Warshowsky admitted in his deposition that the review and analysis of toxicological information, distances, and exposure levels were not the type of information generally relied upon by physicians in his field of expertise.[13] Warshowsky had no knowledge of the proximity of the school where the Plaintiff worked to any sources or possible sources of emissions or air pollution. He had no factual information upon which to determine whether the Plaintiff was exposed to any environmental toxins. He admitted that he has no expertise in toxicology, environmental sciences, allergies, immunology, neuroscience, or dermatology.[14]

Furthermore, Dr. Warshowsky lacks any reliable clinical basis to opine as to the etiology of Plaintiff's symptoms/complaints or the nature, extent, and/or cause of any alleged disability. Dr. Warshowsky examined the Plaintiff only once before the Plaintiff knew she was going to be terminated by APSB. The Plaintiff had two (2) office visits with Dr. Warshowsky after the termination decision was made.[15]

Opinion testimony is admissible under the Federal Rules of Evidence, if (1) the witness is qualified as an expert by knowledge, skill, experience, training, or education, (2) the expert's reasoning or methodology underlying the testimony is sufficiently reliable, and (3) the testimony is relevant.[16] The opinions of Dr. Warshowsky sought to be offered

---

[13] Rec. Doc. 71-14.
[14] *Id.*
[15] *Id.* (Office Visits in December 2009, July 2015, and February 2018).
[16] Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

by the Plaintiff fail to satisfy all three criteria and are hereby excluded. Therefore, the Defendant's *Motion in Limine*[17] is hereby GRANTED.

Signed in Baton Rouge, Louisiana on June 26, 2019.

_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[17] Rec. Doc. 71.