**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

KATINA B. HEBERT                                                  CIVIL ACTION

VERSUS                                                                      17-641-SDD-RLB

ASCENSION PARISH
SCHOOL BOARD

## RULING

Before the Court is the Plaintiff, Katina Hebert's, *Motion in Limine to Exclude Testimony and Evidence Regarding the Plaintiff's Job Performance.*[1] Defendant, the Ascension Parish School Board ("APSB"), has filed an *Opposition*[2]. The Court has considered the Motion and Opposition, the evidence submitted, and the applicable law and, for the reasons which follow, the Motion shall be DENIED.

The Court discussed the facts and the procedural posture in a prior *Ruling*[3] and it will not be reiterated herein. As it relates to the subject Motion, Plaintiff moves the Court to prevent the Defendant from offering testimonial or other evidence pertaining to Mrs. Hebert's alleged poor performance as a teacher and from making reference to this alleged poor performance at trial and in papers before this Court; or alternatively, prevent the Defendant from relying on, introducing, or making any reference to evidence that it has allegedly failed to produce; or alternatively, ordering the Defendant to fully comply with Magistrate Judge Bourgeois' order and permit the Plaintiff's expert, Michael Deshotels,

---
[1] Rec. Doc. 60.
[2] Rec. Doc. 67.
[3] Rec. Doc. 114.

52443

to submit a supplemental report upon receipt of the documents that he was hired to analyze.[4]

Plaintiff argues that the APSB must be precluded from offering evidence of Plaintiff's job performance as a teacher because it failed to produce documents which would allow Plaintiff to challenge this defense.

"In a discriminatory-termination action under the ADA, the employee may either present direct evidence that she was discriminated against because of her disability or alternatively proceed under the burden-shifting analysis first articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), a Title VII case."[5] Under *McDonnell Douglas*, Hebert must first carry the burden of making a *prima facie* case of disability discrimination. If Plaintiff makes a *prima facie* showing of disability discrimination, then the burden shifts to the employer to demonstrate that it had a "legitimate, nondiscriminatory reason" for the termination. Then, the burden shifts back to the plaintiff to demonstrate that the employer's purported legitimate, nondiscriminatory reason is pretextual.[6] The Plaintiff argues that the Defendant's failure to fully comply with the Magistrate Judge's Discovery Orders will also impair the Plaintiff's ability to make her *prima facie* showing of disability discrimination and impair Plaintiff from demonstrating pretext. The gravamen of the Plaintiff's argument is that APSB failed to produce evidence of the comparative performance of other teachers. Plaintiff argues that, "If there were other teachers whose students performed the same as, or worse than, Mrs. Hebert's students on any of these measures, during Mrs. Hebert's employment, this would cast

---

[4] Rec. Doc. 60-1.
[5] *E.E.O.C. v. LHC Grp., Inc.,* 773 F.3d 688, 694 (5th Cir. 2014).
[6] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

52443

doubt on the Defendant's purported legitimate, nondiscriminatory reason for her termination."[7] The Plaintiff further argues that "there were other teachers at Sorrento Primary, during her employment, who performed at the same level or worse than she did, but were not terminated. Thus, the performance of other teachers during Mrs. Hebert's employment at Sorrento Primary is highly material to her prima facie case."[8]

Defendant APSB responds that the subject *Motion in Limine* "is a thinly veiled attempt to file an untimely discovery motion or to give Hebert's purported education expert another opportunity to render a revised report." [9]

Plaintiff's motion to preclude APSB form "offering testimonial or other evidence pertaining to Mrs. Hebert's alleged poor performance as a teacher, and from making reference to this alleged poor performance at trial" is DENIED. However, APSB will not be permitted to offer evidence of comparative teacher performance. The Court will not permit APSB to present evidence or argue the alleged deficiencies in Ms. Hebert's job performance as related to the performance of other teachers. Under *McDonnell Douglas*[10] if Hebert carries her *prima facie* burden of showing disability discrimination, then the burden shifts to APSB to demonstrate that it had a "legitimate, nondiscriminatory reason" for the termination. Plaintiff's job performance is relevant to this inquiry and APSB produced documentation regarding same in discovery. The Plaintiff's principal complaint is that the APSB failed to produce records regarding the Plaintiff's comparative performance relative to other teachers. The Plaintiff argues that "the performance of other teachers bears directly on the Defendant's purported legitimate, nondiscriminatory

---

[7] Rec. Doc. 60-1, p. 9.
[8] *Id.* at 17.
[9] Rec. Doc. 67, p. 4.
[10] 411 U.S. 792, 802 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

52443

reason."[11] The APSB counters that Hebert was terminated "based upon her individual performance ratings and scores."[12] Plaintiff argues that "if the evidence shows that other teachers performed at the same level as Mrs. Hebert or worse . . . then it would support the Plaintiff's argument that APSB's purported reason was pretextual."[13]

As a matter of state law, "[A] final performance rating of "ineffective" pursuant to the performance evaluation program as provided in R.S. 17:3881 through 3905… shall constitute sufficient grounds for disciplinary action….". Hence, it is not necessary that Hebert's performance be compared to any other teachers. The Court will not permit APSB to present evidence or argue the alleged deficiencies in Mrs. Hebert's job performance as related to the performance of other teachers.

While Hebert's job performance relative to other teachers may be probative on the pretext issue,[14] the Plaintiff failed to challenge the Defendant's supplemental responses to discovery.[15] Plaintiff asks the Court to order APSB "to fully comply with Magistrate Judge Bourgeois' order, and permit[] the Plaintiff's expert, Michael Deshotels, to submit a supplemental report upon receipt of the documents that he was hired to analyze."[16] The Court has previously excluded opinion testimony by Mr. Deshotels. Furthermore, the Court declines to fashion a discovery sanction through the mechanism of the Plaintiff's *Motion in Limine*.

---

[11] Rec. Doc. 60-1, p. 17.
[12] Rec. Doc. 67, p. 6.
[13] Rec. Doc. 60-1, p. 18.
[14] Plaintiff argues that "[i]f there were other teachers whose students performed the same as, or worse than, Mrs. Hebert's students on [student performance] measures, during Mrs. Hebert's employment, this would cast doubt on the Defendant's purported legitimate, nondiscriminatory reason for her termination." *Id.*
[15] On December 3 and 5, 2018, APSB supplemented discovery responses following the Magistrate Judge's ruling on Plaintiff's *Motion to Compel*.
[16] Rec. Doc. 60-1, p. 2.

For the reasons stated, the relief prayed for in the Plaintiff's *Motion in Limine to Exclude Testimony and Evidence Regarding the Plaintiff's Job Performance* (Rec. Doc. 60) is DENIED. However, APSB shall not be permitted to offer evidence or make argument that compares Hebert's job performance to other teachers.

Signed in Baton Rouge, Louisiana on <u>July 8, 2019</u>.

                                      */s/ Shelly D. Dick*
                             **CHIEF JUDGE SHELLY D. DICK
                             UNITED STATES DISTRICT COURT
                             MIDDLE DISTRICT OF LOUISIANA**

52443